PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | 00-CR-840 |
| DOCKET NUMBER *(Rec. Court)* | 06-80018-TP-KLR |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Stephen Mignano<br>5049 NW 121st Drive<br>Coral Springs, FL 33076 | Eastern District of New York | |

NAME OF SENTENCING JUDGE

The Honorable I. Leo Glasser

| DATES OF SUPERVISED RELEASE: | FROM 6/18/04 | TO 6/17/07 |
|---|---|---|

OFFENSE

Conspiracy to Collect Extensions of Credit by Extortionate Means, 18 USC 894(a)(1).

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

　　　IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| April 18, 2006 | I. L. Glasser |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

　　　IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 5/7/06 | Kenneth L. Ryskamp |
|---|---|
| *Effective Date* | *United States District Judge* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA

          -against-


STEPHEN MIGNANO


----------------------------------x

JUDGMENT INCLUDING SENTENCE
 UNDER THE SENTENCING REFORM ACT
   Case Number # CR-00-840-S

Defendant's Attorney
Vincent Romano, Esq

RECEIVED
MAR 1 5 2002
COMMUNITY CORRECTIONS
NEW YORK, NEW YORK

X   The defendant pleaded guilty to counts #13 and #15 of a superseding
       indictment.

     Accordingly, the defendant is ADJUDGED guilty of such count, which
     involves the following offenses:
     TITLE & SECTION          NATURE & OFFENSE          COUNT NUMBER
     18 U.S.C. sec 894(a)(1).  Conspiracy to collect        #13 & #15
                               Extensions of credit by extortionate means.

The defendant is sentenced as provided in pages 2 through 4 of this judgment.
 Xx     Open counts and underlying indictment are dismissed upon motion of
        the government.

_____

The mandatory special assessment is included in the portion of this judgment
that imposes a fine.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.


It is ordered that the defendant shall pay to the United States a Special
  Assessment of $200.00, which shall be due immediately.

       It is ordered that the defendant shall notify the United States
Attorney for this district within 30 days of any change of residence
or mailing address until all fines, restitution, costs, and special
assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # 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

Defendant's address:
  Gadsen Place
Staten Island, New York 10314

March 8, 2002

Date of Imposition of sentence


I. LEO GLASSER, U.S.D.J.
Name & Title of Judicial Officer
A TRUE COPY ATTEST
DATED: March 8, 2002
ROBERT C. HEINEMANN
Clerk
By: Louise Schillat

DEFENDANT: STEPHEN MIGNANO

Page 2 of 4.

CASE NUMBER: CR 00-840-S

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of (30) THIRTY months.

X The court recommends that the defendant be designated to Butner, North Carolina.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X before 2 p.m. on April 15, 2002.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____ with a certified copy of this judgment

_____

United States Marshal

By_____

Deputy U.S. Marshal

efendant: STEPHEN MIGNANO

ASE NUMBER # CR 00-840-S                        Page 3 of 4.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on

supervised release for THREE years.

ile on supervised release, the defendant shall not commit another Federal,
tate or local crime and shall comply with the standard conditions that have
een adopted by this Court (set forth on the following page) If this
idgment imposes a restitution obligation, it shall be a condition of
ipervised release that the defendant pay any such restitution that remains
npaid at the commencement of the term of supervised release. The defendant
iall comply with the following additional conditions:

__The defendant shall pay any fines that remain unpaid at the
    commencement of the term of supervised release.

Defendant:   STEPHEN MIGNANO

Case Number CR 00-840-S

Page 4 of 4.

STANDARD CONDITIONS OF SUPERVISION
While the defendant is on probation or supervised release pursuant
to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the
permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the
court or probation officer and shall submit a truthful and complete
written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation
officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family
responsibilities;
6) the defendant shall work regularly at a lawful occupation unless
excused by the probation officer for schooling, training, or other
acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two
hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not
purchase, possess, use, distribute, or administer any narcotic or other
controlled substance, or any paraphernalia related to such substances,
except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are
illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal
activity, and shall not associate with any person convicted of a felony
unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at
any time at home or elsewhere and shall permit confiscation of any
contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two
hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer
or a special agent of a law enforcement agency without the permission
of the court;
14) as directed by the probation officer, the defendant shall notify third
parties of risks that may be occasioned by the defendant's criminal
record or personal history or characteristics, and shall permit the
probation officer to make such notifications and to confirm the
defendant's compliance with such notification requirement.

CLOSED, MJSELECT

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:00-cr-00840-ILG-10
## Internal Use Only

Case title: USA v. Ricottone, et al                    Date Filed: 08/08/2000

Assigned to: Senior-Judge I. Leo Glasser

**Defendant**

**Stephen Mignano** (10)                    represented by  **Vincent J Romano**
*TERMINATED: 03/08/2002*                                    Law Offices of Vincent Romano
*also known as*                                             32 Court Street
Stevie                                                      Suite 1800
*also known as*                                             Brooklyn, NY 11201
Big Steve                                                   (718) 852-5200
                                                            Fax: 718-246-4661
                                                            Email: vromano13@aol.com
                                                            *TERMINATED: 03/08/2002*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: CJA Appointment*

**Pending Counts**                          **Disposition**

18:894 and 3551 CONSPIRACY TO              Defendant sentenced to 30 months
COLLECT CREDIT BY                          imprisonment to be followed by 3 years
EXTORTIONATE MEANS.                        supervised release. Recommendation:
(13)                                       Designation at FCI Butner, North
                                           Carolina. Defendant to surrender before
                                           2pm on 4/15/02.

18:894 and 3551 CONSPIRACY TO              Defendant sentenced to 30 months
COLLECT CREDIT BY                          imprisonment to be followed by 3 years
EXTORTIONATE MEANS.                        supervised release. Recommendation:
(15)                                       Designation at FCI Butner, North
                                           Carolina. Defendant to surrender before
                                           2pm on 4/15/02.

**Highest Offense Level (Opening)**

Felony

A TRUE COPY
ATTEST
DATE ...7..20..... 20.06.
ROBERT C. HEINEMAN
CLERK
BY ...............
DEPUTY CLERK

**Terminated Counts**

**Disposition**

18:894, 2 and 3551 et seq.
COLLECTION OF CREDIT BY
EXTORTIONATE MEANS.
(14)

Open count dismissed on government's
motion.

18:894, 2 and 3551 et seq.
COLLECTION OF CREDIT BY
EXTORTIONATE MEANS.
(16)

Open count dismissed on government's
motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

**Disposition**

None

**Plaintiff**

USA                                    represented by **Jo-Anne Weissbart**
United States Attorney's Office
Criminal Division
One Pierrepont Plaza
Brooklyn, NY 11201
(718) 254-6544
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2000 | | ** Added Government Attorney Jo-Anne Weissbart [ 1:00-m -982 ] (Ludwig, Michael) (Entered: 06/29/2000) |
| 08/08/2000 | | ** Added Government Attorney Jo-Anne Weissbart (Dobkin, David) (Entered: 08/09/2000) |
| 08/09/2000 | | Magistrate Azrack has been selected by random selection to handle any matters that may be referred in this case. (Dobkin, David) (Entered: 08/09/2000) |
| 10/16/2000 | 18 | SUPERSEDING INDICTMENT as to Charles Ricottone (12) count(s) 1s, 2s, 11s, 12s, 13s, 14s, 15s, 16s-17s , Benjamin Castellazzo (1) count(s) 1, 2, 3, 4, 8, Anthony Amoruso (2) count(s) 1, 2, Frances Cannistraci (3) count(s) 1, 2, Salvatore Castagno (4) 1,2 Guiseppe Destefano (5) count(s) 1, 2, 6, 7, 8, 9, 11, 12, Frank Devito (6) count(s) 1, 2, Emanuele Favuzza (7) count(s) |

| | | |
|---|---|---|
| | | 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, Ronald Giordano (8) count(s) 1, 2, Joey Mercuri (9) count(s) 1, 2, Stephen Mignano (10) count(s) 13, 14, 15, 16, Michael Nobile (11) count(s) 1, 2, 18, Brian Seinwels (13) count(s) 1, 2, 17, James Spitalere (14) count(s) 1, 2, Joseph Wiley (15) count(s) 1, 2, 8, 10 (Dobkin, David) Modified on 11/07/2000 (Entered: 11/07/2000) |
| 10/25/2000 | 19 | CALENDAR ENTRY as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ; Case called before Senior Judge I. L. Glasser on date of 10/25/00 for pleading. Court Reporter/ESR H. Legendre, Not Guilty: Benjamin Castellazzo (1) count(s) 1, 2, 3, 4, 8, Anthony Amoruso (2) count(s) 1, 2, Frances Cannistraci (3) count(s) 1, 2, Salvatore Castagno (4) count(s) 1, 2, Guiseppe Destefano (5) count(s) 1, 2, 6, 8, 7, 9, 12, 11, Frank Devito (6) count(s) 1, 2, Emanuele Favuzza (7) count(s) 1, 2, 3, 4, 5, 7, 12, 6, 8, 10, 11, Ronald Giordano (8) count(s) 1, 2, Joey Mercuri (9) count(s) 1, 2, Stephen Mignano (10) count(s) 13, 15, 14, 16, Michael Nobile (11) count(s) 1, 2, 18, Charles Ricottone (12) count(s) 1, 1s, 2s, 11s, 13s, 15s, 12s, 14s, 16s-17s, Brian Seinwels (13) count(s) 1, 2, 17, James Spitalere (14) count(s) 1, 2, Joseph Wiley (15) count(s) 1, 2, 8, 10 AUSA Jo-Anne Weissbart. First appearance of all defts. Case called. Defts appear with counsel. All defts arraigned and plead not guilty. There are title iii afidavits and voluminoius documents. Counsel request 60 days to go thru discovery to decide if motions will be made. Case adjpurned to 12/20/00 at 10:00a.m. Order of excludable delay entered. (Dobkin, David) (Entered: 11/07/2000) |
| 10/25/2000 | 20 | WAIVER of Speedy Trial and/or ORDER of Excludable Delay as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ( Signed by Senior Judge I. L. Glasser , Dated 10/25/00) (Dobkin, David) (Entered: 11/07/2000) |
| 12/14/2000 | 25 | LETTER dated 12/13/00 from AUSA Jo_anne Weissbart to All Defense Counsel, re: enclsoure of copy of set of papers in support of the first electronic surveillance order. w/o enclosure. (Dobkin, David) (Entered: 12/14/2000) |
| 12/20/2000 | 31 | CALENDAR ENTRY as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ; Case called before Senior Judge I. L. Glasser on date of 12/20/00 at 10:00a.m. for status conference. Court Reporter/ESR S. Silverman. AUSA Jo-Anne Weissbart. All counsel and deft present. Case called. Case adjourned to 3/7/01 at 10:00a.m. Order of excludable delay entered. (Dobkin, David) (Entered: 01/04/2001) |

| 12/20/2000 | 32 | CALENDAR ENTRY as to Stephen Mignano, Charles Ricottone ; Case called before Senior Judge I. L. Glasser on date of 12/20/00 at 10:00a.m. for curcio hearing. Court Reporter/ESR S. Silverman. AUSA Jo-Anne Werissbart. Case called. Case adjourned to 12/27/00 at 10:00a.m. (Dobkin, David) (Entered: 01/04/2001) |
|---|---|---|
| 12/27/2000 | 33 | CALENDAR ENTRY as to Stephen Mignano, Charles Ricottone ; Case called before Senior Judge I. L. Glasser on date of 12/27/00 for curcio hearing. Court Reporter/ESR "unknown". Case called. A YUSA Jo-Anne Weissbart. Hearing held both parties understand possible conflict and remain with respective representation. (Dobkin, David) (Entered: 01/04/2001) |
| 01/22/2001 | 35 | LETTER dated 1/19/01 from AUSA Jo-Anne Weissbart to All Counsel re: executed stipulation concernong draft transcripts in the above case. (Dobkin, David) (Entered: 01/22/2001) |
| 02/05/2001 | 38 | TRANSCRIPT of status conference before Judeg Glasser filed in case as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley for dates of 10/20/01 at 10:00a.m. ; Court Reporter/ESR: S. Silverman. AUSA Jo-Anne Weissbart. (Dobkin, David) (Entered: 02/05/2001) |
| 05/08/2001 | 47 | CALENDAR ENTRY as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ; Case called before Senior Judge I. L. Glasser on date of 5/8/01 for status conference. Court Reporter/ESR M. Picozzi AUSA Jo-Anne Weissbart. First appearance of defts. All defts and counsel present. DeStefano's travel restrictions extended to include PA, Conn and NJ. AUSA says there are continuing plea negotiations. A global plea is anticipated. Case adjounred to 6/19/01 at 10:00a.m. Order of excludable delay; Bail conditions modified to permit Ricottone to visit his mother. (Dobkin, David) (Entered: 05/10/2001) |
| 05/10/2001 | 48 | WAIVER of Speedy Trial and/or ORDER of Excludable Delay by Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ( Signed by Senior Judge I. L. Glasser , Dated 5/8/01) (Dobkin, David) (Entered: 05/10/2001) |
| 05/30/2001 | 51 | SEALED LETTER (Dobkin, David) (Entered: 05/30/2001) |
| 06/19/2001 | 54 | CALENDAR ENTRY as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen |

Case 9:06-tp-80018-KLR   Document 1   Entered on FLSD Docket 07/25/2006   Page 10 of 34

| | | Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ; Case called before Senior Judge I. L. Glasser on date of 6/19/01 at 10:30a.m. for status conference. Court Reporter/ESR Paul Lombardi. AUSA Jo-Anne Weissbart. All defts and counsel present. Case called. Conference held. Court refers to letter dated 6/12/01 from Mike Rosen to AUSA J0-anne Weissbart. Court questions the delay in this case. AUSA Weissbart states plea offers will be out by Monday. Another conference set for 7/19/01 at 10:00a.m. Order of E.D. signed. (Dobkin, David) (Entered: 06/20/2001) |
|---|---|---|
| 06/20/2001 | 55 | WAIVER of Speedy Trial and/or ORDER of Excludable Delay as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ( Signed by Senior Judge I. L. Glasser , Dated 6/19/01) (Dobkin, David) (Entered: 06/20/2001) |
| 07/06/2001 | 59 | ORDER as to Stephen Mignano granting permission to travel to Southern Florida on 07/27/01 to 08/04/01. The defendant is to provide Pre-Trial Services with an itinerary. Address and phone number of where defendant will be staying while in Florida also to be provided. See letter dated June 25, 2001 from Vincent Romano to Hon. Glasser. ( Signed by Senior Judge I. L. Glasser , on 07/02/01) (Chee, Alvin) (Entered: 07/06/2001) |
| 07/19/2001 | 61 | CALENDAR ENTRY as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley ; Case called before Senior Judge I. L. Glasser on 7/19/01 for status conf. AUSA Jo-Anne Weissbart and dfts present with counsel. Court Reporter/ESR Fred Guerino. Ms. Weissbart requests one more adjournment. Case adjourned to 9/12/01 at 2:30 for conf . Order of executable delay signed under code "T". Revised plea agreements will be faxed to lawyers on 7/27/01. (Sica, Michele) (Entered: 07/20/2001) |
| 07/19/2001 | 62 | ORDER of Excludable Delay as to Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley. Signed by Senior Judge I. L. Glasser , Dated 7/19/01. 7/17/01-9/12/01 (Permaul, Jenny) (Entered: 07/20/2001) |
| 08/15/2001 | 66 | NOTICE that the status conf. scheduled for 9/12/01 at 2:30 has been moved to 4:00. (Sica, Michele) (Entered: 08/15/2001) |
| 09/10/2001 | 73 | ORDER as to Stephen Mignano, Modifying Conditions of Release to allow dft to travel to Florida from 10/20/01 to 10/29/01 on the condition that the dft provide pre-trial services with his itinerary, including address and phone number of the place he will be staying . ( Signed by Senior Judge I. L. |

Case 9:06-tp-80018-KLR    Document 1    Entered on FLSD Docket 07/25/2006    Page 11 of 34

| | | |
|---|---|---|
| | | Glasser , on 9/10/01. Endorsed on letter dated 9/10/01 from Vincent Romano to Judge Glasser. (Sica, Michele) (Entered: 09/13/2001) |
| 10/03/2001 | 76 | ORDER as to Stephen Mignano waiving dft's appearance at the 10/26/01 status conf. (Signed by Senior Judge I. L. Glasser, on 10/03/01). Endorsed on letter dated 10/02/01 from Vincent Romano to Judge Glasser. (Sica, Michele) (Entered: 10/03/2001) |
| 10/25/2001 | 78 | LETTER dated 10/10/01 from Margaret Giordano to Counsel advising of the dates and times available for the taking of pleas in this case. (Sica, Michele) (Entered: 10/25/2001) |
| 10/25/2001 | | First Appearance as to Stephen Mignano held. (Rodriguez,Angela) (Entered: 03/11/2002) |
| 10/30/2001 | 84 | CALENDAR ENTRY as to Joey Mercuri, Stephen Mignano ; Case called before Senior Judge I. L. Glasser on date of 10/30/01 for pleading. AUSA Margaret Giordano ad dfts present with counsel. Court Reporter/ESR Tony Mancuso. Dfts plead Guilty: Joey Mercuri (9) count(s) 1, Stephen Mignano (10) count(s) 13, 15 . Sentencing set for 1/31/02 at 10:30. (Sica, Michele) (Entered: 11/02/2001) |
| 12/13/2001 | 95 | LETTER dated 11/29/01 from Vincent Romano, Esq to Judge Glasser requesting that his client be allowed to travel to Florida from 12/28/01 to 1/3/02. (Sica, Michele) (Entered: 12/17/2001) |
| 12/13/2001 | 96 | ORDER as to Stephen Mignano, Modifying Conditions of Release to allow dft to travel to Florida from 12/28/01 to 1/3/02 . (Signed by Senior Judge I. L. Glasser , on 12/12/01). Endorsed on letter dated 12/11/01 from Vincent Romano, Esq to Judge Glasser. (Sica, Michele) (Entered: 12/17/2001) |
| 01/03/2002 | 97 | ORDER as to Stephen Mignano endorsed on letter dated 1/3/02 from Vincent Romano to Judge Glasser. Sentencing as to defendant Stephen Mignano is adjourned from 1/31/02 to 3/8/02 at 10:00. (Signed by Senior Judge I. L. Glasser on 1/3/02) (Rodriguez,Angela) (Entered: 01/07/2002) |
| 01/30/2002 | | **Terminated party Brian Seinwels. (Rodriguez,Angela) (Entered: 01/30/2002) |
| 01/31/2002 | 103 | LETTER dated 1/23/02 from Jo Anne Weissbart to Judge Glasser submitted in support of a two level downward departure as to all defendants. (Rodriguez,Angela) (Entered: 02/01/2002) |
| 01/31/2002 | | **Terminated party Joey Mercuri. (Rodriguez,Angela) (Entered: 02/04/2002) |
| 01/31/2002 | | **Terminated party Ronald Giordano. (Rodriguez,Angela) (Entered: 02/04/2002) |
| 01/31/2002 | | **Terminated party Anthony Amoruso. (Rodriguez,Angela) (Entered: 02/04/2002) |

Case 9:06-tp-80018-KLR    Document 1    Entered on FLSD Docket 07/25/2006    Page 12 of 34

| | | |
|---|---|---|
| 01/31/2002 | | **Terminated party Frances Cannistraci. (Rodriguez,Angela) (Entered: 02/04/2002) |
| 02/05/2002 | 112 | LETTER dated 1/23/02 from Jo-Anne Weissbart to Judge Glasser regarding PSR. The government submits that a two-level reduction should be granted to all the defendants. (Rodriguez,Angela) (Entered: 02/06/2002) |
| 03/06/2002 | 140 | LETTER dated 3/6/02 from Jo-Anne Weissbart to Rachel Swasey advising as to certain errors contained in the PSR reports of all defendants. (Rodriguez,Angela) (Entered: 03/18/2002) |
| 03/08/2002 | 136 | CALENDAR ENTRY as to Stephen Mignano; Case called before Senior Judge I. L. Glasser on date of 3/8/02 for sentencing. Defense Counsel: Vincent Romano. AUSA: Margaret Giordano. Court Reporter: Burt Sulzer. Defendant sentenced to 30 months imprisonment to be followed by 3 years of supervised release. The Court recommends incarceration at a faclity in the northeast region; Fort Devin, Mass. Defendant assessed $200. Defendant to surrender to institution on 4/15/02. (After a phone call from Mr. Romano, the recommended facility was changed to Butner, NC) (Rodriguez,Angela) (Entered: 03/11/2002) |
| 03/08/2002 | | Sentencing held Stephen Mignano (10) count(s) 13. (Rodriguez,Angela) (Entered: 03/11/2002) |
| 03/08/2002 | | Sentencing held Stephen Mignano (10) count(s) 15. (Rodriguez,Angela) (Entered: 03/11/2002) |
| 03/08/2002 | 137 | JUDGMENT Stephen Mignano (10) count(s) 13, 15 . Defendant sentenced to 30 months imprisonment to be followed by 3 years supervised release. Recommendation: Designation at Butner, North Carolina. Defendant to surrender before 2pm 4/15/02. Defendant assessed $200. (Signed by Senior Judge I. L. Glasser on 3/8/02) (Rodriguez,Angela) (Entered: 03/11/2002) |
| 03/08/2002 | | DISMISSAL of Count(s) on Government Motion as to Stephen Mignano. Counts Dismissed: Stephen Mignano (10) count(s) 14, 16. (Rodriguez,Angela) (Entered: 03/11/2002) |
| 04/09/2002 | | **Terminated party Michael Nobile. (Rodriguez,Angela) (Entered: 04/09/2002) |
| 04/19/2002 | 152 | TRANSCRIPT of sentencing before Judge Glasser filed in case as to Stephen Mignano for dates of 3/8/02; Court Reporter: Burton H. Sulzer. (Rodriguez,Angela) (Entered: 04/22/2002) |
| 04/22/2002 | | **Case closed as to all defendants: Benjamin Castellazzo, Anthony Amoruso, Frances Cannistraci, Salvatore Castagno, Guiseppe Destefano, Frank Devito, Emanuele Favuzza, Ronald Giordano, Joey Mercuri, Stephen Mignano, Michael Nobile, Charles Ricottone, Brian Seinwels, James Spitalere, Joseph Wiley. (Rodriguez,Angela) (Entered: 04/23/2002) |
| 04/25/2002 | 158 | NOTICE: The tapes listed herein are available, as of 3/26/01 discovery letter, for inspection. (Rodriguez,Angela) (Entered: 04/25/2002) |

Case 9:06-tp-80018-KLR   Document 1   Entered on FLSD Docket 07/25/2006   Page 13 of 34

| 08/31/2004 | ◑166 | ORDER as to Stephen Mignano, The modification of conditions as noted. (see scanned document for further details) . Signed by Judge I. Leo Glasser on 8/30/04. (Sica, Michele) (Entered: 08/31/2004) |
| 05/25/2006 | ◑172 | TRANSFER OF JURISDICTION REQUEST as to Stephen Mignano To Southern District of Florida. Awaiting acceptance and signature. (Sica, Michele) (Entered: 05/30/2006) |
| 05/30/2006 | ◑ | ORDER as to Stephen Mignano for the transfer of jurisdiction to the Southern District of Florida (Sica, Michele) (Entered: 05/30/2006) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
UNITED STATES OF AMERICA

       -against-


STEPHEN MIGNANO

---------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT
Case Number # CR-00-840-S




Defendant's Attorney
Vincent Romano, Esq.


<u>XX</u>   The defendant pleaded guilty to counts #13 and #15 of a superseding
       indictment.

      Accordingly, the defendant is ADJUDGED guilty of such count, which
      involves the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER |
|---|---|---|
| 18 U.S.C. sec 894(a)(1). | Conspiracy to collect | #13 & #15 |
| | Extensions of credit by extortionate means. | |

The defendant is sentenced as provided in pages 2 through 4 of this judgment.
  <u>Xx</u>    Open counts and underlying indictment are dismissed upon motion of
      the government.

---

 <u>The mandatory special assessment is included in the portion of this judgment
that imposes a fine.</u>
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.


<u>X It is ordered that the defendant shall pay to the United States a Special
   Assessment of $200.00, which shall be due immediately.</u>

      It is ordered that the defendant shall notify the United States
Attorney for this district within 30 days of any change of residence
or mailing address until all fines, restitution, costs, and special
assessments imposed by this Judgment are fully paid.

<u>Defendant's Soc. Sec # 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</u>

<u>Defendant's address:</u>
48 Gadsen Place
Staten Island, New York 10314

<u>March 8, 2002</u>

<u>Date of Imposition of sentence</u>


I. LEO GLASSER, U.S.D.J.
Name & Title of Judicial Officer
A TRUE COPY ATTEST
DATED: _March 8,_ 2002
ROBERT C. HEINEMANN
Clerk
By: _Louise Schillat_

A TRUE COPY
DATE 7/20 2006

BY ........ CLERK
DEPUTY CLERK

137

DEFENDANT: STEPHEN MIGNANO

CASE NUMBER: CR 00-840-S

Page 2 of 4.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of (30) THIRTY months.

X The court recommends that the defendant be designated to Butner, North Carolina.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
X before 2 p.m. on April 15, 2002.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at_____with a certified copy of this judgment

_____
United States Marshal

By_____
                Deputy U.S. Marshal

Defendant: STEPHEN MIGNA

CASE NUMBER # CR 00-840-S                    Page 3 of 4.



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on

supervised release for THREE years.

While on supervised release, the defendant shall not commit another Federal,
State or local crime and shall comply with the standard conditions that have
been adopted by this Court (set forth on the following page) If this
judgment imposes a restitution obligation, it shall be a condition of
supervised release that the defendant pay any such restitution that remains
unpaid at the commencement of the term of supervised release. The defendant
shall comply with the following additional conditions:

___The defendant shall pay any fines that remain unpaid at the
     commencement of the term of supervised release.

Defendant:     STEPHEN MI███ANO 

Case Number CR 00-840-S

Page 4 of 4.

STANDARD CONDITIONS OF SUPERVISION
        While the defendant is on probation or supervised release pursuant
to this Judgment:

1)  The defendant shall not commit another Federal, state or local crime;
2)  the defendant shall not leave the judicial district without the
    permission of the court or probation officer;
3)  the defendant shall report to the probation officer as directed by the
    court or probation officer and shall submit a truthful and complete
    written report within the first five days of each month;
4)  the defendant shall answer truthfully all inquiries by the probation
    officer and follow the instructions of the probation officer;
5)  the defendant shall support his or her dependents and meet other family
    responsibilities;
6)  the defendant shall work regularly at a lawful occupation unless
    excused by the probation officer for schooling, training, or other
    acceptable reasons;

7)  the defendant shall notify the probation officer within seventy-two
    hours of any change in residence or employment;
8)  the defendant shall refrain from excessive use of alcohol and shall not
    purchase, possess, use, distribute, or administer any narcotic or other
    controlled substance, or any paraphernalia related to such substances,
    except as prescribed by a physician;
9)  the defendant shall not frequent places where controlled substances are
    illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal
    activity, and shall not associate with any person convicted of a felony
    unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at
    any time at home or elsewhere and shall permit confiscation of any
    contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two
    hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer
    or a special agent of a law enforcement agency without the permission
    of the court;
14) as directed by the probation officer, the defendant shall notify third
    parties of risks that may be occasioned by the defendant's criminal
    record or personal history or characteristics, and shall permit the
    probation officer to make such notifications and to confirm the
    defendant's compliance with such notification requirement.

**CRIMINAL CAUSE FOR SENTENCING** *3/8/02*

**BEFORE: I. LEO GLASSER**          **DATE:** ~~JAN. 31~~, 2002 AT 10:30 AM

**DOCKET NUMBER: CR 00-840-S-1**

**DEFENDANT: STEPHEN MIGNANO**

_____ ✓**present**          _____ ✓**bail**

**ATTORNEY: VINCENT ROMANO**

**ASSISTANT U.S. ATTORNEY: MARGARET GIORDANO    CLERK:L.SCHILLAT**

**COURT REPORTER:** *Burt Sulzer*

✓ **Case called.** *Deft's motion for downward departure denied*

**SENTENCE:** *Defendant is sentenced to imprisonment for 30 months, plus three years of supervised release*

_____

_____

**DEFT. SENTENCED ON COUNTS:    #13 AND #15**
*underlying Indictment*
✓ **OPEN COUNTS/DISMISSED** ✓ **ON GOV'TS MOTION.**

**FINE:** _____    **SPECIAL ASSESSMENT** *$200.00*

~~**SPECIAL CONDITIONS OF SUPERVISION:**~~ _____

*Court recommends Federal Medical Center as close to north east as possible; Fort Devin, Mass.*

*Defendant to surrender to institution on 4/15/02*

*(after a phone call from Mr. Romano, the recommended facility was changed to Butner, N.C.)*

*130*

```
mef:jw
F. #2000R01354
n:\castellazzo.1\indictment.wpd
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

BENJAMIN CASTELLAZZO,
  also known as "Benji"
  and "the little guy,"
ANTHONY AMORUSO,
  also known as "Baldy,"
FRANCES CANNISTRACI,
  also known as "Sissy,"
SALVATORE CASTAGNO,
  also known as "Sally"
  and "Sally Boy,"
GUISEPPE DESTEFANO,
  also known as "Pooch,"
FRANK DEVITO,
  also known as "Frankie"
  and "Frankie the Hat,"
EMANUELE FAVUZZA,
  also known as "Manny,"
RONALD GIORDANO,
  also known as "Ronny,"
JOEY MERCURI,
  also known as "Joey
  the Plumber,"
STEPHEN MIGNANO,
  also known as "Big Steve"
  and "Stevie,"
MICHAEL NOBILE,
  also known as "Mikey Red,"
CHARLES RICOTTONE,
  also known as "Charlie,"
BRIAN SEINWELS,
JAMES SPITALERE,
  also known as "Jimmy,"
  and "Jimmy O'Toole," and
JOSEPH WILEY,
  also known as "Joe Cash,"

         Defendants.

- - - - - - - - - - - - - -X

S U P E R S E D I N G

00CR 840 (S-1)  ILG

(T. 18, U.S.C., §§ 894,
1955, 371, 2, and 3551
et seq.)

A TRUE COPY
ATTEST
DATE...7.2.0...20.06.
ROBERT C. HEINMAN
BY.................. CLERK
DEPUTY CLERK

18

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Engage in Gambling)

1.    In or about and between Summer 1998 and
October 1999, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
BENJAMIN CASTELLAZZO, also known as "Benji" and "the little guy"
("CASTELLAZZO"), ANTHONY AMORUSO, also known as "Baldy"
("AMORUSO"), FRANCES CANNISTRACI, also known as "Sissy"
("CANNISTRACI"), SALVATORE CASTAGNO, also known as "Sally" and
"Sally Boy" ("CASTAGNO"), GUISEPPE DESTEFANO, also known as
"Pooch" ("DESTEFANO"), FRANK DEVITO, also known as "Frankie" and
"Frankie the Hat" ("DEVITO"), EMANUELE FAVUZZA, also known as
"Manny" ("FAVUZZA"), RONALD GIORDANO, also known as "Ronny"
("GIORDANO"), JOEY MERCURI, also known as "Joey the Plumber"
("MERCURI"), MICHAEL NOBILE, also known as "Mikey Red"
("NOBILE"), CHARLES RICOTTONE, also known as "Charlie," BRIAN
SEINWELS ("SEINWELS"), JAMES SPITALERE, also known as "Jimmy" and
"Jimmy O'Toole" ("SPITALERE"), JOSEPH WILEY, also known as "Joe
Cash" ("WILEY") (collectively referred to hereinafter as the
"GAMBLING DEFENDANTS"), together with others, did knowingly and
intentionally conspire to conduct, finance, manage, supervise,
direct, and own all or part of an illegal gambling business, to
wit: a gambling business which operated in violation of the laws
of the State of New York, which involved five or more people who
conducted, financed, managed, supervised, directed, and owned all

or part of the business and which remained in substantially continuous operation for a period in excess of thirty days and had gross revenue of $2,000.00 or more in a single day, in violation of Title 18, United States Code, Section 1955.

2.    In furtherance of said conspiracy and to effect the objectives thereof, within the Eastern District of New York and elsewhere, the GAMBLING DEFENDANTS committed and caused the commission of the following:

OVERT ACTS

a.    In or about and between August 1998 and October 1999, the GAMBLING DEFENDANTS frequented the Torrese Social Club, 2005 West 8th Street, Brooklyn, New York (the "Club").

b.    In or about and between February 1999 and October 1999, FRANCES CANNISTRACI kept score for card games conducted in the Club.

c.    In or about and between February 1999 and October 1999, FRANK DEVITO collected a house fee for card games conducted in the Club.

d.    In or about and between August 1998 and October 1999, FRANK DEVITO conducted card games in the Club.

e.    In or about and between February 1999 and October 1999, BRIAN SEINWELS kept score for card games in the Club.

f.    In or about and between February 1999 and October 1999, BENJAMIN CASTELLAZZO received money from fees that

gamblers paid to play in the card games that were conducted in the Club.

   g. In or about and between August 1998 and October 1999, SALVATORE CASTAGNO conducted card games in the Club.

   h. On or about February 7, 1999, ANTHONY AMORUSO, in the Wrong Number Bar, located in the vicinity of West 7th Street, Brooklyn, New York, had a telephone conversation with SALVATORE CASTAGNO.

   i. On or about February 12, 1999, FRANK DEVITO had a conversation with CHARLES RICOTTONE in the Club.

   j. On or about May 15, 1999, BRIAN SEINWELS and FRANK DEVITO had a conversation in the Club.

   k. On or about February 6, 1999, EMANUELE FAVUZZA and GUISEPPE DESTEFANO discussed sports wagering.

   l. On or about February 11, 1999, BRIAN SEINWELS and JOEY MERCURI discussed sports wagering in the Club.

   m. On or about February 14, 1999, in the Club, EMANUELE FAVUZZA and JOSEPH WILEY discussed money due from a sports bettor.

   n. On or about February 20, 1999, in the Club, JAMES SPITALERE, EMANUELE FAVUZZA, BRIAN SEINWELS, and JOEY MERCURI discussed gambling.

   o. In or about and between February 1999 and May 1999, JOSEPH WILEY took sports bets over the telephone.

p.   On or about March 27, 1999, BENJAMIN CASTELLAZZO, FRANK DEVITO, MICHAEL NOBILE and others met and discussed sports betting.

q.   On or about April 17, 1999, BENJAMIN CASTELLAZZO had a telephone conversation with a sports bettor who wanted to be paid his winnings.

r.   On or about April 21, 1999, BRIAN SEINWELS accepted money from EMANUELE FAVUZZA paid on behalf of BENJAMIN CASTELLAZZO.

s.   On or about April 21, 1999, in the Club, GUISEPPE DESTEFANO and EMANUELE FAVUZZA discussed profits from sports betting.

t.   On or about May 8, 1999, EMANUELE FAVUZZA and JOSEPH WILEY had a telephone conversation concerning money due them from a sports bettor.

u.   On or about May 11, 1999, MICHAEL NOBILE, FRANK DEVITO, JAMES SPITALERE, and others had a discussion in the Club concerning sports betting.

v.   On or about June 19, 1999, BENJAMIN CASTELLAZZO and EMANUELE FAVUZZA discussed how to get more gamblers as customers.

w.   On or about June 24, 1999, BENJAMIN CASTELLAZZO and JAMES SPITALERE had a telephone conversation.

6

x.   On or about October 8, 1999, BENJAMIN CASTELLAZZO had a cellular telephone conversation with RONALD GIORDANO.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

## COUNT TWO
### (Gambling)

3.   In or about and between August 1998 and October 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the GAMBLING DEFENDANTS, together with others, knowingly and intentionally conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business, to wit: a gambling business which operated in violation of the laws of the State of New York, which involved five or more people who conducted, financed, managed, supervised, directed, and owned all or part of the business and which remained in substantially continuous operation for a period in excess of thirty days and had gross revenue of $2,000.00 or more in a single day.

(Title 18, United States Code, Sections 1955, 2, and 3551 <u>et seq</u>.)

## COUNT THREE
### (Conspiracy to Collect Credit by Extortionate Means)

4.   In or about and between April 1999 and August 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants BENJAMIN CASTELLAZZO, also known as "Benji" and "the little guy," and EMANUELE FAVUZZA, also known as "Manny," did knowingly and

intentionally conspire to participate in the use of extortionate

means to collect and to attempt to collect an extension of

credit, to wit, money loaned to Francesca Carroccetto, Sandra

Carroccetto, and FNU Carroccetto, and to punish Francesca

Carroccetto, Sandra Carroccetto, and FNU Carroccetto for the

nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551

et seq.)

COUNT FOUR

(Collection of Credit by Extortionate Means)

5.   In or about and between April 1999 and August

1999, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

BENJAMIN CASTELLAZZO, also known as "Benji" and "the little guy,"

and EMANUELE FAVUZZA, also known as "Manny," did knowingly and

intentionally participate in the use of extortionate means to

collect and to attempt to collect an extension of credit, to wit,

money loaned to Francesca Carroccetto, Sandra Carroccetto, and

FNU Carroccetto, and to punish Francesca Carroccetto, Sandra

Carroccetto, and FNU Carroccetto for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551

et seq.)

COUNT FIVE

(Collection of Credit by Extortionate Means)

6.   In or about March 1999, within the Eastern

District of New York and elsewhere, the defendant EMANUELE

FAVUZZA, also known as "Manny," did knowingly and intentionally

participate in the use of extortionate means to collect and to
attempt to collect an extension of credit, to wit, money loaned
to John Doe #1, and to punish John Doe #1 for the nonrepayment
thereof.

(Title 18, United States Code, Sections 894, 2, and
3551 et seq.)

### COUNT SIX
(Conspiracy to Collect Credit by Extortionate Means)

7.   In or about and between April 1998 and August
1999, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
EMANUELE FAVUZZA, also known as "Manny," and GUISEPPE DESTEFANO,
also known as "Pooch," did knowingly and intentionally conspire
to participate in the use of extortionate means to collect and to
attempt to collect an extension of credit, to wit, money loaned
to Todd Schneiderman, and to punish Todd Schneiderman for the
nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551
et seq.)

### COUNT SEVEN
(Collection of Credit by Extortionate Means)

8.   In or about and between April 1998 and August
1999, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
EMANUELE FAVUZZA, also known as "Manny," and GUISEPPE DESTEFANO,
also known as "Pooch," did knowingly and intentionally
participate in the use of extortionate means to collect and to

attempt to collect an extension of credit, to wit, money loaned

to Todd Schneiderman, and to punish Todd Schneiderman for the

nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2, and

3551 et seq.)

### COUNT EIGHT
### (Conspiracy to Collect Credit by Extortionate Means)

9.   In or about May 1999, within the Eastern District

of New York and elsewhere, the defendants BENJAMIN CASTELLAZZO,

also known as "Benji" and "the little guy," EMANUELE FAVUZZA,

also known as "Manny," GUISEPPE DESTEFANO, also known as "Pooch,"

and JOSEPH WILEY, also known as "Joe Cash," did knowingly and

intentionally conspire to participate in the use of extortionate

means to collect and to attempt to collect an extension of

credit, to wit, money loaned to Alan LNU, and to punish Alan LNU

for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551

et seq.)

### COUNT NINE
### (Collection of Credit by Extortionate Means)

10.   In or about May 1999, within the Eastern District

of New York and elsewhere, the defendant GUISEPPE DESTEFANO, also

known as "Pooch," did knowingly and intentionally participate in

the use of extortionate means to collect and to attempt to



collect an extension of credit, to wit, money loaned to Alan LNU, and to punish Alan LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 <u>et seq</u>.)

COUNT TEN
(Conspiracy to Collect Credit by Extortionate Means)

11.  In or about May 1999, within the Eastern District of New York and elsewhere, the defendants EMANUELE FAVUZZA, also known as "Manny," and JOSEPH WILEY, also known as "Joe Cash," did knowingly and intentionally conspire to participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to Joey LNU, and to punish Joey LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 <u>et seq</u>.)

COUNT ELEVEN
(Conspiracy to Collect Credit by Extortionate Means)

12.  In or about and between February 1999 and April 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EMANUELE FAVUZZA, also known as "Manny," and CHARLES RICOTTONE, also known as "Charlie," did knowingly and intentionally conspire to participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to the defendant GUISEPPE DESTEFANO, also known as "Pooch," and

to punish GUISEPPE DESTEFANO, also known as "Pooch," for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 et seq.)

## COUNT TWELVE
(Collection of Credit by Extortionate Means)

13.   In or about and between February 1999 and April 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EMANUELE FAVUZZA, also known as "Manny," and CHARLES RICOTTONE, also known as "Charlie," did knowingly and intentionally participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to the defendant GUISEPPE DESTEFANO, also known as "Pooch," and to punish GUISEPPE DESTEFANO, also known as "Pooch," for the nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2, and 3551 et seq.)

## COUNT THIRTEEN
(Conspiracy to Collect Credit by Extortionate Means)

14.   In or about May 1999, within the Eastern District of New York and elsewhere, the defendants CHARLES RICOTTONE, also known as "Charlie," and STEPHEN MIGNANO, also known as "Big Steve," and "Stevie," did knowingly and intentionally conspire to participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned



12

to Mikey LNU, and to punish Mikey LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 et seq.)

### COUNT FOURTEEN
(Collection of Credit by Extortionate Means)

15.   In or about May 1999, within the Eastern District of New York and elsewhere, the defendants CHARLES RICOTTONE, also known as "Charlie," and STEPHEN MIGNANO, also known as Big Steve," and "Stevie," did knowingly and intentionally participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to Mikey LNU, and to punish Mikey LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2, and 3551 et seq.)

### COUNT FIFTEEN
(Conspiracy to Collect Credit by Extortionate Means)

16.   In or about May 1999, within the Eastern District of New York and elsewhere, the defendants CHARLES RICOTTONE, also known as "Charlie," and STEPHEN MIGNANO, also known as "Big Steve," and "Stevie," did knowingly and intentionally conspire to participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to Louie LNU, and to punish Louie LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 et seq.)

13

## COUNT SIXTEEN
(Collection of Credit by Extortionate Means)

17.   In or about May 1999, within the Eastern District of New York and elsewhere, the defendants CHARLES RICOTTONE, also known as "Charlie," and STEPHEN MIGNANO, also known as "Big Steve," and "Stevie," did knowingly and intentionally participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to Louie LNU, and to punish Louie LNU for the nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2, and 3551 et seq.)

## COUNT SEVENTEEN
(Collection of Credit by Extortionate Means)

18.   In or about and between March 1999 and May 1999, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CHARLES RICOTTONE, also known as "Charlie," did knowingly and intentionally participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to the defendant BRIAN SEINWELS, and to punish BRIAN SEINWELS for the nonrepayment thereof.

(Title 18, United States Code, Sections 894 and 3551 et seq.)

## COUNT EIGHTEEN
(Collection of Credit by Extortionate Means)

19.   In or about April 1999, within the Eastern District of New York, the defendant MICHAEL NOBILE, also known as

"Mikey Red," did knowingly and intentionally participate in the use of extortionate means to collect and to attempt to collect an extension of credit, to wit, money loaned to Roberto Defeo, and to punish Roberto Defeo for the nonrepayment thereof.

(Title 18, United States Code, Sections 894, 2, and 3551 <u>et seq</u>.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
**ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.131**

No. _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

EASTERN ____ District of ____ NEW YORK

_____ CRIMINAL ____ Division

THE UNITED STATES OF AMERICA

vs.

BENJAMIN CASTELLAZZO,
also known as "Benji"
and "the little guy," et al.

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 894, 1955, 371, 2,
and 3551 et seq.)

A true bill.

_____
Foreman

Filed in open court this ____ day,
of _____ A.D. 19 ___

_____
Clerk

Bail, $ _____

JO-ANNE WEISSBART, AUSA   (718) 254-6392

FORM DBD.34
JUN.85

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PROBATION OFFICE

**Reginald D. Michael**
Chief U.S. Probation Officer
300 N.E. 1 Avenue, Room 315
Miami, Florida 33132-2126

REPLY TO:
One Boca Place
2255 Glades Road, Suite 226A
Boca Raton, Florida 33431
(561) 999-4800

May 18, 2006

FILED by _____ D.C.

JUL 2 5 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · W.P.B.

06-80018-TP-KLR

Lawrence Goldman, Sr. USPO
United States Probation Office
75 Clinton Street, Room 405
Brooklyn, NY 11201-4201

RE:   MIGNANO, Stephen
      SD/FL Pacts#: 76984
      TRANSFER OF JURISDICTION

Dear Mr. Goldman:

Reference our recent correspondence regarding transfer of jurisdiction in the above case, attached are two original Prob Form 22. Part Two, Order Accepting Jurisdiction has been executed by Honorable Kenneth L. Ryskamp, U.S. District Judge, Southern District of Florida, on May 7, 2006, thereby completing the form. Please forward same to your Clerk's Office asking them to complete the transfer process by forwarding their file to our Clerk's Office.

Thank you and if you have any questions or need additional information, feel free to contact this office.

Sincerely,

Kathy Kosior Nelson
United States Probation Officer
(561) 999-4813

/cp